UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-3474 FMO (MANx)** | Date | **June 6, 2013** |
|---|---|---|---|
| Title | **A.O. v. Johnson and Johnson, et al.** | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings: (In Chambers) Order to Show Cause Re: Remand**

On May 15, 2013, this action was removed to this court pursuant to 28 U.S.C. § 1441. However, the jurisdictional allegations appear to be defective for the reason(s) opposite the box(es) checked:

[ ] Removal is on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, but it appears that the claims may not "arise under" federal law.

[ ] Removal is on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 on grounds of the artful pleading doctrine, but the claims do not appear to be completely preempted.

[ ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but all plaintiffs are not diverse from all defendants. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553, 125 S.Ct. 2611, 2617 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction[.]"); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806) (all parties in a suit must be entitled to sue or be sued in federal court).

[ ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, but the pleadings set forth the residence, rather than the citizenship, of some of the parties. Diversity is based on citizenship.

[ ] Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, but the pleadings fail to allege the citizenship of some or all of the:
[ ] plaintiff(s).
[ ] defendant(s).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-3474 FMO (MANx)** | Date | **June 6, 2013** |
|---|---|---|---|
| Title | **A.O. v. Johnson and Johnson, et al.** | | |

[ ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. A partnership, limited liability company, or other unincorporated association is joined as a party. The court must consider the citizenship of each of the partners, including limited partners, or members. The citizenship of each of the entity's partners or members must therefore be alleged. See Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen."); Carden v. Arkoma Assocs., 494 U.S. 185, 195, 110 S.Ct. 1015, 1021 (1990) (diversity jurisdiction depends on the citizenship of all members of an artificial entity); Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n unincorporated association such as a partnership has the citizenships of all of its members.").

[ ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Some of the parties are corporations. The notice of removal is deficient because:

[ ] the notice of removal does not state both the respective state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c).

[ ] the jurisdiction averment by the defendants is patently insufficient under 28 U.S.C. § 1332(c).

Defendant(s) fail(s) to offer adequate facts to support the assertion that the principal place of business stated in the complaint is the corporate party's principal place of business. For diversity purposes, the principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 130 S.Ct. 1181, 1192 (2010); see also Harris v. Rand, 682 F.3d 846, 851 (9th Cir. 2012) (if allegations of a corporation's principal place of business are implausible or the court has doubts about whether diversity exists, it may request additional allegations of the principal place of business).

[ ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. One or more of the parties is named in a representative capacity, and the citizenship of the represented person is not alleged or appears to be not diverse. 28 U.S.C. § 1332(c)(2).

[ ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, but defendants fail to allege the existence of diversity both at the time the action was commenced and at the time of removal. See Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131-32 (9th Cir. 2002) ("[Diversity] is determined (and must exist) as of the time the complaint is filed and removal is effected.").

[ X ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but the amount in controversy does not appear to exceed $75,000. Because the amount of damages that plaintiff seeks is unclear from the complaint, or appears to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-3474 FMO (MANx)** | Date | **June 6, 2013** |
|---|---|---|---|
| Title | **A.O. v. Johnson and Johnson, et al.** | | |

be $75,000 or less, defendants bear the burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). Defendants must show that it is more likely than not that the amount in controversy exceeds $75,000. Id. An allegation based on "information and belief" does not meet the preponderance of the evidence standard. Id.; see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090-91 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are insufficient.").

[ ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and the action involves multiple plaintiffs and/or is a class action. But the pleadings do not state that at least one of the named plaintiffs has a claim exceeding $75,000. Where the action does not implicate a common fund or a joint interest, at least one of the named plaintiffs must meet the amount in controversy requirement. See Exxon, 545 U.S. at 559, 125 S.Ct. at 2621 (a district court that has jurisdiction over a single claim in a complaint has jurisdiction over the entire action). Where injunctive relief is sought in a multiple plaintiff action, the Ninth Circuit has held that "the amount in controversy requirement cannot be satisfied by showing that the fixed administrative costs of compliance exceed $75,000." In re Ford Motor Co./Citibank (S.D.), N.A. Cardholder Rebate Program Litig., 264 F.3d 952, 961 (9th Cir. 2001), cert. granted, 534 U.S. 1126 (2002), cert. dismissed, 537 U.S. 1 (2002).

[ ] Removal is on the basis of diversity jurisdiction in a class action pursuant to 28 U.S.C. § 1332(d). The complaint is deficient because:

- [ ] the total claims of individual class members do not appear to exceed $5,000,000 in the aggregate. 28 U.S.C. § 1332(d)(2).
- [ ] the pleadings fail to allege that: any member of a plaintiff class is a citizen of a state different from any defendant; any member of a plaintiff class is a citizen or subject of a foreign state and any defendant is a citizen of a state; or any member of a plaintiff class is a citizen of a state and any defendant is a citizen or subject of a foreign state. 28 U.S.C. § 1332(d)(2).
- [ ] it appears that: two-thirds or more of the members of all proposed plaintiff classes in the aggregate are citizens of the state in which the action was originally filed; the plaintiff class seeks significant relief from a defendant who is a citizen of that state and whose alleged conduct forms a significant basis for the claims; principal injuries were incurred in that state; and no related class action has been filed within the preceding three years. 28 U.S.C. § 1332(d)(4)(A).
- [ ] it appears that two-thirds or more of the members of all proposed plaintiff classes in the aggregate and all of the primary defendants are citizens of the state in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(B).
- [ ] it appears that the primary defendants are states, state officials, or other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-3474 FMO (MANx)** | Date | **June 6, 2013** |
|---|---|---|---|
| Title | **A.O. v. Johnson and Johnson, et al.** | | |

governmental entities. 28 U.S.C. § 1332(d)(5)(A).

[ ] it appears that the total number of members of all proposed plaintiff classes is less than 100. 28 U.S.C. § 1332(d)(5)(B).

[ ] the action appears to involve solely securities claims or claims relating to corporate governance as described in 28 U.S.C. § 1332(d)(9).

[ ] Removal is on the basis of diversity jurisdiction in a class action pursuant to 28 U.S.C. § 1332(d). The court may decline to exercise its jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) because it appears that greater than one-third but less than two-thirds of the members of all plaintiff classes in the aggregate and the primary defendants are citizens of California and one or more of the following applies:

[ ] the claims asserted do not involve matters of national or interstate interest. 28 U.S.C. § 1332(d)(3)(A).

[ ] the claims asserted will be governed by California law. 28 U.S.C. § 1332(d)(3)(B).

[ ] the class action has not been pleaded in a manner that seeks to avoid federal jurisdiction. 28 U.S.C. § 1332(d)(3)(C).

[ ] the forum in which the action was brought has a distinct nexus with the class members, the alleged harm, or the defendants. 28 U.S.C. § 1332(d)(3)(D).

[ ] the number of California citizens among all plaintiff classes in the aggregate is substantially larger than the number of citizens of any other state, and the citizenship of the other members is dispersed among a substantial number of states. 28 U.S.C. § 1332(d)(3)(E).

[ ] no related class action has been filed during the preceding three years. 28 U.S.C. § 1332(d)(3)(F).

[ ] The court notes the following potential procedural defect(s):

[ ] not all served defendants have joined in the notice of removal. See 28 U.S.C. § 1441(a); Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 680 (9th Cir. 2006) ("[A]ll defendants must agree to removal[.]").

[ ] the removing defendant(s) did not attach to the notice of removal a copy of all process, pleadings, and orders served on the defendant(s). 28 U.S.C. § 1446(a).

[ ] the notice of removal was filed more than thirty days after the date of service of the initial pleading or the date on which defendant first had notice of removability. 28 U.S.C. § 1446(b).

[ ] removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, the case was not initially removable, and the notice of removal was filed more than one year after commencement of the action. 28 U.S.C. § 1446(c); see Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1316 (9th Cir.), cert. denied, 525

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 13-3474 FMO (MANx)** | Date | **June 6, 2013** |
|---|---|---|---|
| Title | **A.O. v. Johnson and Johnson, et al.** | | |

U.S. 963 (1998) (the one-year exception applies to cases that only become removable after the initial commencement of the action).

[ ] removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but some defendants are California citizens. 28 U.S.C. § 1441(b).

[ ] Other:

Accordingly, IT IS ORDERED that:

1. No later than **June 18, 2013,** defendant(s) shall show cause in writing why this action should not be remanded for the reasons noted above. This deadline shall not extend the time for responding to any motion for remand filed by plaintiff(s). Plaintiff(s) may submit a response in the same time period. If plaintiff(s) wish to move for remand based on this procedural defect, plaintiff(s) must file a regularly noticed motion for remand no later than **June 14, 2013**. See 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal").

2. A copy of all papers filed with the court shall be delivered to the drop box outside chambers at Suite 520, Spring Street Courthouse, 312 North Spring Street, **no later than 12:00 noon the following business day**. All chambers copies shall comply fully with the document formatting requirements of Local Rule 11-3, including the "backing" requirements of Local Rule 11-3.5. Counsel may be subject to sanctions for failure to deliver a mandatory chambers copy in full compliance with this Order and Local Rule 11-3.

00 : 00

Initials of Preparer vdr