1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA

10

11  A.O., a minor by and through his          Case No. CV13-3474 FMO (MANx)
    Guardians Ad Litem, ELISSAR SLIM
12  and ZAID OMRAN,                            **PROTECTIVE ORDER ENTERED**
                                               **PURSUANT TO THE PARTIES'**
13               Plaintiff,                    **STIPULATION**

14  v.

15  JOHNSON & JOHNSON, MCNEIL-
    PPC, INC., MCNEIL CONSUMER
16  HEALTHCARE DIVISION OF
    MCNEIL-PPC, INC., MCNEIL MMP,
17  LLC, and MCKESSON
    CORPORATION,
18
                 Defendants.
19

20

21          Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on

22  the parties' Stipulation for Protective Order ("Stipulation") filed on January 30,

23  2014, the terms of the protective order to which the parties have agreed are adopted

24  as a protective order of this Court (which generally shall govern the pretrial phase

25  of this action) except to the extent, as set forth below, that those terms have been

26  substantively modified by the Court's amendment of paragraph 5 of the Stipulation.

27          The parties are expressly cautioned that the designation of any information,

28  document, or thing as Confidential, or other designation(s) used by the parties, does

1   not, in and of itself, create any entitlement to file such information, document, or

2   thing, in whole or in part, under seal. Accordingly, reference to this Protective

3   Order or to the parties' designation of any information, document, or thing as

4   Confidential, or other designation(s) used by the parties, is wholly insufficient to

5   warrant a filing under seal.

6        There is a strong presumption that the public has a right of access to judicial

7   proceedings and records in civil cases. In connection with non-dispositive motions,

8   good cause must be shown to support a filing under seal. The parties' mere

9   designation of any information, document, or thing as Confidential, or other

10   designation(s) used by parties, does not -- **without the submission of competent**

11   **evidence, in the form of a declaration or declarations, establishing that the**

12   **material sought to be filed under seal qualifies as confidential, privileged, or**

13   **otherwise protectable** -- constitute good cause.

14        Further, if sealing is requested in connection with a dispositive motion or

15   trial, then compelling reasons, as opposed to good cause, for the sealing must be

16   shown, and the relief sought shall be narrowly tailored to serve the specific interest

17   to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th

18   Cir. 2010). For each item or type of information, document, or thing sought to be

19   filed or introduced under seal in connection with a dispositive motion or trial, the

20   party seeking protection must articulate compelling reasons, supported by specific

21   facts and legal justification, for the requested sealing order. **Again, competent**

22   **evidence supporting the application to file documents under seal must be**

23   **provided by declaration.**

24        Any document that is not confidential, privileged, or otherwise protectable in

25   its entirety will not be filed under seal if the confidential portions can be redacted.

26   If documents can be redacted, then a redacted version for public viewing, omitting

27   only the confidential, privileged, or otherwise protectable portions of the document,

28   shall be filed. Any application that seeks to file documents under seal in their

1    entirety should include an explanation of why redaction is not feasible.

2         Notwithstanding any other provision of this Protective Order, in the event

3    that this case proceeds to trial, all information, documents, and things discussed or

4    introduced into evidence at trial will become public and available to all members of

5    the public, including the press, unless sufficient cause is shown in advance of trial

6    to proceed otherwise.

7         **THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND**

8    **ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE**

9    **HONORABLE FERNANDO M. OLGUIN, UNITED STATES DISTRICT**

10   **JUDGE, INCLUDING THOSE APPLICABLE TO PROTECTIVE ORDERS**

11   **AND FILINGS UNDER SEAL.**

12

13        **AGREED TERMS OF PROTECTIVE ORDER AS ADOPTED AND**

14        **MODIFIED BY THE COURT**

15        1.    The parties deem as confidential and may designate as "Confidential"

16   all or any portion of deposition transcripts, discovery responses, including

17   interrogatory answers, responses to requests for admission, etc., and any

18   documents, data, or other materials which contain:  trade secrets or confidential

19   research, development, commercial, personal, or financial information, medical

20   records**,** or other confidential information (hereafter collectively referred to as

21   "Confidential Information").  To designate Confidential Information the parties

22   shall mark it "Confidential."  To designate Confidential Information in deposition

23   testimony the parties shall either note the designation on the deposition record or

24   mark the specific portion of the transcript within twenty (20) days of receipt and

25   provide it to the opposing party.  All of A.O.'s medical records, whether received

26   from his counsel or from a request or subpoena to his medical providers, shall be

27   deemed marked as "Confidential" without any further notation needed.  All

28   documents made available for inspection from or copied from any New Drug

1    Application (including any Investigational New Drug Application, Supplemental

2    New Drug Application, Amended New Drug Application**,** or Abbreviated New

3    Drug Application), shall be deemed marked as "Confidential."

4          2.      Absent express authorization by the producing party or an order by the

5    Court, Confidential Information shall be used only for the purpose of this litigation.

6          3.      Confidential Information shall not be:

7              (a)    Given, shown, made available, or communicated in any way

8    (including, for example, by quoting verbatim, paraphrasing, or

9    otherwise referencing in a manner that discloses Confidential

10    Information) to anyone other than the Court and its personnel,

11    the parties herein, their attorneys of record, employees of such

12    attorneys who are essential to the prosecution of this action,

13    consultants and experts retained by the parties, or as otherwise

14    ordered by this Court.  All consultants and experts who are

15    allowed access to Confidential Information shall first sign the

16    agreement attached hereto as "Exhibit A" and a fully-executed

17    copy of Exhibit A shall be maintained by the party retaining the

18    consultant or expert.  The signed Exhibit A agreements for a

19    consultant or expert shall not be disclosed to the opposing

20    counsel unless and until the signing expert is disclosed in the

21    litigation, the parties agree to allow disclosure of the agreement,

22    or the **C**ourt orders such disclosure.  However, this section shall

23    not prevent counsel in this matter from sharing or discussing any

24    Confidential Information obtained in this action with counsel

25    **who** have filed a lawsuit against these same defendants alleging

26    a reaction between Children's Motrin and Stevens-Johnson

27    Syndrome and/or Toxic Epidermal Necrolysis following at least

28    five days' written notice to counsel **for** the party whose

1    Confidential Information is involved so that such counsel will

2    have an opportunity to determine if a satisfactory protective

3    order has been entered in the other lawsuit which applies to such

4    materials.  If counsel is not so satisfied, counsel may object to

5    the proposed disclosure.  If an objection is made**,** Confidential

6    Information shall not be shared until the objections are

7    withdrawn or overruled by the **C**ourt.

8    (b)    Reproduced or retained in any fashion whatsoever, except that

9    for the purpose of preparation of this case for trial, copies or

10    excerpts may be made, shown, or given to those authorized

11    pursuant to subparagraph (a) above in accordance with the

12    provisions of that subparagraph; provided, however, that within

13    sixty (60) days after the resolution of this action, any

14    **C**onfidential **I**nformation, including without limitation any

15    copies or excerpts (except for copies of materials submitted to

16    the Court), shall be assembled and returned along with the

17    originals to the producing party, or, in the alternative, shall be

18    destroyed and a written certification provided to the producing

19    party stating that any such materials have been destroyed.

20    (c)    Notwithstanding the foregoing, each party may retain **his, her,**

21    **or its** work product, including pleadings and memoranda filed

22    with the Court.  However, if work product with confidential

23    information is retained, it must continue to be treated in a

24    manner consistent with the Protective Order as long as it is kept

25    or reviewed by the party or lawyer.

26    4.    Neither Plaintiff nor **any** Defendant **is** to disclose Confidential

27    Information produced by the opposing party to any person or organization except

28    those identified in subparagraph 3(a).

5.      Any pleading, exhibit, or other document filed with the Court that discloses Confidential Information in any way shall be **submitted with an application to file such material** under seal in accordance with Local Rule 79-5.[1]

6.      If either party objects to the designation of any information as confidential, **he, she, or it** shall state **his, her, or its** objection and the basis therefore in writing to the producing party.  Within seven (7) days from service of such an objection, the producing party shall reply in writing.  The parties shall then confer concerning any such dispute in accordance with the local meet and confer requirements.  If agreement cannot be reached, the objecting party shall, within five (5) days from the conclusion of the meet and confer process, send the producing party written notice of **a** continuing objection.  Within fifteen (15) days after receipt of such notice, the producing party may move the Court for an order stating that the information designated as confidential is**,** in fact**,** Confidential Information within the meaning of this **Protective** Order and is entitled to the protections of this **Protective** Order.  Pending the Court's decision on the motion, the information designated as confidential shall be treated as though it were Confidential Information within the meaning of this **Protective** Order.  If the producing party does not file such a motion within fifteen (15) days**,** and the objecting party has not agreed to extend the time for filing such a motion, the information designated as confidential shall not be treated as Confidential Information at the expiration of the fifteen (15) days.

7.      If a party inadvertently fails to designate information as confidential, it may make such a designation subsequently by notifying the opposing party in writing of that inadvertent failure within a reasonable time after discovering it.

---

[1]  At any hearing where a party wishes to submit Confidential Information, the parties agree that prior to submission they will take any necessary steps to permit the producing party to move for issuance of a sealing order or any other necessary order to preserve the confidentiality of the information.

Upon receipt of such notification, the opposing party shall treat the designated information as confidential, which does not preclude the receiving party from objecting to the confidential classification as outlined in paragraph 6 of this **Protective** Order.  If the producing party's notification states that the inadvertently non-designated information is privileged and requests its return, the receiving party shall, in addition to treating the information as confidential, either**:**  (1) promptly return the information and destroy all copies of it and any information derived from it, and instruct any persons to whom that information was disclosed to do the same**;** or (2) within ten (10) days of receipt of the notification and request, notify the producing party in writing that they will not do so.  Within fifteen (15) days of receipt of that notification, the producing party may move the Court for an order that the information be returned, that all copies and derivative information be destroyed, and for such other relief as may be appropriate.  If such a motion is filed within fifteen (15) days, pending the Court's decision on the motion the information shall be treated as Confidential Information within the meaning of this Order.

8.    Any person who in the course of this litigation comes into possession of material designated by a party as Confidential Information, and who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments, boards, or associations) seeking production or other disclosure of the Confidential Information, shall send as soon as possible a copy of the subpoena (or other process) via facsimile and regular mail to the undersigned counsel for the producing party, to permit the producing party to take action to protect the Confidential Information from disclosure.  The recipient of the subpoena (or other process) shall not withhold information from production on the sole basis that it is confidential. Instead, in the absence of objection to production, the information shall be produced as Confidential subject to the terms of this **Protective** Order.

9.    The Court shall retain jurisdiction over any person or organization authorized under subparagraph 3(a) above to receive Confidential Information, as necessary to enforce the provisions of this Protective Order.

10.   This **Protective** Order is enforceable pursuant to the Federal Rules of Civil Procedure and the inherent powers of this Court.

**IT IS SO ORDERED.**

Dated:  February 11, 2014

_____                                    _

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

I, _____, hereby acknowledge that I am about to receive confidential information supplied in connection with the lawsuit entitled <u>A.O. v. Johnson & Johnson, et al.</u>, U.S. District Court for the Central District of California, Case No. CV13-3474 FMO (MANx) (hereinafter referred to as "<u>A.O.</u> Action"). I understand that this confidential information is to be provided to me pursuant to the terms and restrictions of the Protective Order (the "Order") that was issued by the United States District Court for the Central District of California in the <u>A.O.</u> Action.

I declare under penalty of perjury that I have received and read in its entirety and understand the Order. I agree to comply with and be bound by the terms of the Order. I understand that Confidential Information as defined in paragraph 1 of the Order and any notes or other records that may be made that reveal Confidential Information (including, for example, by quoting verbatim, paraphrasing, or otherwise referencing in a manner that discloses Confidential Information) shall not be disclosed to any person except as permitted by the Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the Order.

Dated: _____        _____
                                                                    (Signature)


_____
(City and State Where Signed)